IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT as Personal
Representative of the Estate of
ROBERT PARKER, Deceased, and
LINDA PARKER

    Plaintiff,
vs.

No.:  17-1187

ABF FREIGHT SYSTEM, INC.,
a Foreign Corporation, and
TIMOTHY YERINGTON,

    Defendants.

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND BY DEFENDANT ABF FREIGHT SYSTEM, INC.

COMES NOW Defendant ABF Freight System, Inc. (ABF) and provides notice that it removes the state court action described below to the U.S. District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b). In support of its removal notice, Defendant ABF states as follows.

1.    Plaintiff commenced this personal injury action in the First Judicial District Court, County of Santa Fe, State of New Mexico by filing his *Complaint to Recover Damages for Wrongful Death, Loss of Consortium and Other Damages Under the New Mexico Wrongful Death Act* ("Complaint") captioned *D. Maria Schmidt as Personal Representative of the Estate of Robert Parker, Deceased, and Linda Parker, Plaintiff, vs. ABF Freight System, Inc., a Foreign Corporation, and Timothy Yerington, Defendants*, Cause No. D-101-CV-2017-03078 on October 27, 2017 (*See generally* Plaintiff's state court Complaint, attached as **Exhibit A**).

2. Defendant Yerington was served on November 6, 2017. Defendant ABF was served on November 13, 2017. (*See* Notices of Service of Process, dated November 8, 2017, and November 13, 2017, attached as **Exhibit B**).

3. This Notice of Removal is filed in this Court within thirty (30) days of the service of the initial pleading in this case. *See* 28 U.S.C. § 1446(b).

4. The state court in which this action was commenced is within this Court's district. As set forth below, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## DIVERSITY JURISDICTION

5. Upon information and belief, Plaintiff Linda Parker is a citizen of Arizona. (*See*, Plaintiffs' state court Complaint, ¶ 3, attached as **Exhibit A**).

6. At the time of his death, Robert Parker was a citizen of Arizona. (*See*, Plaintiffs' state court Complaint, ¶ 1, attached as **Exhibit A**).

7. Plaintiff D. Maria Schmidt as Personal Representative of the Estate of Robert Parker, is a citizen of Arizona. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

8. Defendant ABF Freight System, Inc., is an Arkansas corporation, with its principal place of business in Arkansas. (*See* Plaintiffs' state court Complaint, ¶ 4, attached as **Exhibit A**; Attorney Affidavit, ¶¶ 12-13, attached as **Exhibit C**; Corporate profile from Arkansas Secretary of State Business Entity Search, attached as **Exhibit D**).

9. Defendant Yerington is a citizen New Mexico. (*See* Attorney Affidavit, ¶ 11, attached as **Exhibit C**).

10. Therefore, complete diversity of citizenship exists for the purposes of this Court's original jurisdiction over the subject matter of this lawsuit.

11. Pursuant to 28 U.S.0 § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served party of interest diversity be a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

12. In the state court action, Plaintiffs allege that Robert Parker suffered wrongful death as a result of an automobile accident involving the commercial vehicle driven by Defendant Yerington for Defendant ABF. (*See* Plaintiffs' state court Complaint, ¶¶ 7-15, 23, attached as **Exhibit A**).

13. In the state court action, Plaintiffs also allege that at all material times, Defendant Yerington was acting within the course and scope of his employment driving a commercial vehicle for Defendant ABF. (*See* Plaintiffs' state court Complaint, ¶¶ 7, 26, attached as **Exhibit A**).

14. In the state court action, Plaintiffs further allege that Defendant ABF is vicariously liable, under the doctrine of *respondeat superior*, for Defendant Yerington's actions. (*See* Plaintiffs' state court Complaint, ¶ 27, attached as **Exhibit A**).

15. Defendant ABF believes that Defendant Yerington has been improperly joined in this matter.

16. A federal district court possess original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds seventy-five thousand dollars. 28 U.S.C. § 1332(a). Removal based on diversity of citizenship requires that none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b) (emphasis added). The standard for improper

joinder or "fraudulent joinder" (hereinafter "improper joinder") under 28 U.S.C. § 1441(b) has been addressed by this Court. *See Zufelt v. Isuzu Motors Am.*, 727 F. Supp. 2d 1117 (D.N.M. 2009) (Browning, J.). *See also Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (Baldock, J.).

17. In *Zufelt*, the Court noted that the last published Tenth Circuit decision to state the burden of proof for demonstrating improper joinder was issued over forty years ago in *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir. 1967). *Zufelt*, 727 F. Supp. 2d at 1123. The Court therefore considered the Tenth Circuit's two unpublished opinions in *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592 (10th Cir. 2000) (published in full-text format at 2000 U.S. App. LEXIS 6852) and *Nerad v. AstraZeneca*, 203 Fed. Appx. 911 (10th Cir. 2006) as persuasive authority for evaluating the improper joinder standard. *Id.* at 1128-29.

18. In its examination of these two unpublished cases and those of other jurisdictions, the Court found that "remand is required if any one of the claims against the non-diverse defendant...is possibly viable." *Id.* (*citing Montano*, 2000 U.S. App. LEXIS 6852, at *6) (emphasis added). The Court noted that the District of New Mexico has consistently adopted the viable claim or "possibility" standard when assessing improper joinder. *Id.*

19. This Court also identified improper joinder in the specific instance "where a plaintiff cannot plead a cause of action against the non-diverse defendant." *Couch*, 71 F. Supp. 2d at 1147 (citing *Rogers v. Hartford Accident & Indemnity Co.*, 133 F.3d 309, 315 (5th Cir. 1998)).

20. Defendant ABF does not dispute that Defendant Yerington was acting within the course and scope of his employment on the date of the incident. Thus, Defendant ABF would be vicariously liable for any negligent acts by Defendant Yerington that caused injury to Plaintiffs,

and it is, therefore, unnecessary to include Defendant Yerington as a named defendant in this action.

21. Accordingly, Defendant Yerington is not properly joined to this matter pursuant to 28 U.S.C. § 1441 and the applicable case law on improper joinder.

22. Accordingly, diversity of citizenship is present in this matter and Defendant Yerington's citizenship does not defeat diversity. *See* 28 U.S.C. § 1441(b)(2).

23. Given the diversity of citizenship, this case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

24. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

25. Plaintiffs seek damages for the death of Robert Parker (*See* Plaintiffs' state court Complaint, ¶ 23, attached as **Exhibit A**). Plaintiff Linda Parker also seeks damages for past and

future emotional distress, loss of consortium, lost earnings, expenses, and punitive damages. (*See* Plaintiffs' state court Complaint, ¶¶ 23-24, 40-46, attached as **Exhibit A**). Given the allegations of the Complaint, as well as representations by Plaintiffs' counsel, the amount in controversy exceeds $75,000. (*See* Attorney Affidavit ¶ 8, attached as **Exhibit C**).

26. Removal is asserted by Defendant ABF Freight System, Inc. Defendant Yerington consents to removal.

27. This Notice of Removal is filed in this Court within thirty (30) days of a demand identifying amount sought for the first time, triggering 28 U.S.C. § 1446(b)(1). The state court action was commenced less than one year from the date of this Notice of Removal. *See* 28 U.S.C. § 1446(c)(1). The state court in which this action was commenced is within this Court's district. As set forth, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

28. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441, in that it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

29. Defendant ABF is concurrently filing a Notice to Adverse Parties of Removal to Federal Court, with the clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. § 1441(b), together with this Notice.

30. Pursuant to D.N.M. LR-CIV 81.1(a), Defendants will submit copies of the records and proceedings from the state court action within thirty days of its filing of this Notice of Removal.

Respectfully submitted,

CIVEROLO, GRALOW & HILL
A Professional Association

By: _____
Lance D. Richards
*Attorney for Defendant ABF Freight System, Inc.*
20 First Plaza, NW, Suite 500
Albuquerque, New Mexico 87102
(505) 842-8255
richardsl@civerolo.com

### CERTIFICATE OF SERVICE

    THIS WILL CERTIFY that a true copy of the foregoing *Notice of Removal* to Federal Court was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on December 1, 2017, and was mailed to the parties listed below:

David M. Houliston
*Attorney for Plaintiff*
Law Offices of David M. Houliston
500 Tijeras Ave.
Albuquerque, NM 87102
(505) 247-1223

_____
Lance D. Richards