FILED IN MY OFFICE
DISTRICT COURT CLERK
10/27/2017 12:51:26 PM
STEPHEN T. PACHECO
Francine Lobato

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D. MARIA SCHMIDT as Personal Representative
of the Estate of ROBERT PARKER, Deceased,
and LINDA PARKER,

    Plaintiffs,

v.

    Case assigned to Ortiz, Raymond Z.
    No. _____D-101-CV-2017-03078_____

ABF FREIGHT SYSTEM, INC., a Foreign Profit
Corporation doing business in New Mexico, and
TIMOTHY YERINGTON,

    Defendants.

### COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH, LOSS OF CONSORTIUM AND OTHER DAMAGES UNDER THE NEW MEXICO WRONGFUL DEATH ACT

Plaintiffs, by and through their counsel of record, the Law Offices of David M. Houliston (David M. Houliston), and bring the following causes of action against Defendants pursuant to the New Mexico Wrongful Death Act, NMSA 1978 §§ 41-2-1, *et seq.*

### PARTIES AND JURISDICTION

1. At the time of his death on May 10, 2017, Robert W. Parker (hereinafter "Mr. Parker" or "Decedent"), age 81, resided in Phoenix, County of Maricopa in the State of Arizona.

2. Plaintiff D. Maria Schmidt is a resident of the City of Santa, Santa Fe County, New Mexico, and is the duly appointed Wrongful Death Personal Representative of Decedent's Estate.

3. Plaintiff Linda Parker is Decedent's widow, and at all relevant times they resided together in Phoenix, Maricopa County in the State of Arizona.



EXHIBIT A

4. Defendant ABF Freight System, Inc. (hereinafter "ABF") is a for-profit Arkansas corporation doing business in New Mexico and can be served through its Registered Agent, Corporation Service Company in the City of Santa Fe, County of Santa Fe in the State of New Mexico, and is a Motor Carrier as defined in the Federal Motor Carrier Safety Regulations and the New Mexico Motor Carrier Act, with its principal place of business in New Mexico being 4800 Lincoln Road NE, Albuquerque, New Mexico.

5. Defendant Timothy Yerington (hereinafter "Defendant Yerington") is believed to be a resident of the City of Albuquerque, County of Bernalillo, New Mexico. Upon information and belief, Defendant Yerington is over the age of majority, is not on active duty with any branch of the United States Armed Forces, and is otherwise *sui generis* and *sui juris* and subject to the jurisdiction of this Court.

6. Based upon the above paragraphs, venue is proper in the First Judicial District Court for the State of New Mexico, and this Court has jurisdiction over the parties and the subject matter of this action.

## FACTUAL BACKGROUND

7. Defendant Yerington is a professional truck driver and drives commercial semi-tractor trailer trucks for, belonging to, and/or under the control of Defendant ABF.

8. On May 10, 2017, Defendant Yerington was operating a commercial semi-tractor trailer truck for Defendant ABF.

9. At approximately 1:41 p.m., Defendant Yerington drove the commercial semi-truck eastbound on I-40 in the right traffic lane near mile marker 94.8.

10. Mr. Parker's Ford F-350 truck vehicle pulling a horse trailer containing seven race horses was traveling eastbound in the left lane of I-40, and was being driven by Jerald

2

Jones. Mr. Parker was in the front passenger seat. Luis Alvarado was in the rear passenger seat of the vehicle.

11. Defendant Yerington negligently pulled his semi-truck into the eastbound left lane in front of Mr. Parker's vehicle. The acts and omissions of Defendant Yerington were unreasonable and in violation of his duty to use due care.

12. Mr. Parker's vehicle was traveling eastbound in the left traffic lane when Defendant Yerington changed lanes in front of Mr. Parker's vehicle. Mr. Jones slowed down the vehicle in an attempt to avoid striking the rear of Defendants' semi-truck.

13. Both vehicles collided and continued forward side-by-side towards the guard rail on the left shoulder of the eastbound lane toward the guard rail.

14. Defendants' semi-truck wrapped around the front end of Mr. Parker's vehicle pinning Mr. Parker's vehicle up against the guard rail and causing severe damage to the right side of Plaintiff's vehicle.

15. As a result of the crash, Mr. Parker sustained severe bodily injuries which caused his death. Mr. Parker was pronounced dead at the crash scene by the medical investigator from the Cibola County satellite of the New Mexico Office of the Medical Investigator.

## COUNT I
## NEGLIGENCE AND NEGLIGENCE *PER SE*
## OF DEFENDANT TIMOTHY YERINGTON

16. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

17. New Mexico public policy requires financial responsibility and accountability on the part of motor carriers.

18. Pursuant to New Mexico law, Defendant Yerington owed the duty to exercise care for the safety of the person and the property of others.

19. Defendant Yerington is a professional driver and had a duty to exercise the care of a professional driver while operating commercial vehicles.

20. Defendant Yerington breached his duties of care on May 10, 2017, by negligently operating the commercial semi-truck on public roadways and highways at a time by:

   a. failing to keep a proper lookout and maintain proper control of the vehicle at all times, placing himself and others in danger and causing the subject collision;

   b. failing to give his full time and entire attention to the operation of the vehicle;

   c. operating a vehicle on the highway in a careless, inattentive or imprudent manner;

   d. failing to ensure the traffic lane was clear before making his lane change to avoid colliding with other vehicles on the highway;

   e. operating his vehicle in a reckless manner; and

   f. failing to maintain his driving lane.

21. Defendant Yerington's actions and/or inactions constitute negligence, and negligence *per se* (as a matter of law), in that statutes and regulations were in force in New Mexico on May 10, 2017, including:

   a. the duty of every operator of a vehicle to keep a proper lookout and to maintain proper control of his vehicle at all times so as to avoid placing the operator or others in danger and to prevent an accident; *see* New Mexico U.J.I. 13-1202;

   b. the duty to give his full time and entire attention to the operation of the vehicle, as required by NMSA § 66-8-114(A);

      c.    the duty not to operate a vehicle in a careless, inattentive or imprudent manner, as set forth in NMSA §66-8-114(B);

      d.    the duty to drive a vehicle entirely within a single lane, and not to move from such lane until the driver has first ascertained that such movement can be made with safety, as set forth in NMSA § 66-7-317.

22. Defendant Yerington's failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries, death and damages complained for herein.

23. Defendant Yerington's wrongful acts as set forth above were a cause and/or contributing cause of Decedent's pain and suffering, death, funeral and burial expenses for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

24. Defendant Yerington's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts or failures to act, were a cause and/or contributing cause of Linda Parker's serious injuries and damages, including past and future pain and suffering; past and future mental anguish and distress; loss of her husband's past and future loss of earning capacity, loss of enjoyment of life; loss of her husband's household services; mitigating or aggravating circumstances attending to Defendant Yerington's negligence; and all other and future damages, for which Plaintiffs seek relief pursuant to New Mexico law.

**COUNT II**
**NEGLIGENCE, NEGLIGENCE *PER SE*,**
**AND JOINT AND SEVERAL LIABILITY OF**
**DEFENDANT ABF FREIGHT SYSTEM, INC.**

25. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

26. At all material times, Defendant Yerington was an employee and/or agent of Defendant ABF, and was acting within the course and scope of his employment and/or agency.

27. Defendant ABF is vicariously liable for Defendant Yerington's actions, under the doctrine of *respondeat superior* and other principles of agency, as it authorized, participated in, and ratified those actions.

28. As a commercial motor carrier, Defendant ABF is under a duty to provide safe and adequate service and equipment for the rendition of transportation services in New Mexico, pursuant, but not limited to New Mexico's Motor Transportation Act, §65-1-1, *et seq.* and the Federal Motor Carrier Safety Regulations (FMCSR).

29. Defendant ABF, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, and/or the hiring, supervising, training, assigning, or dispatching of drivers, had a duty to be instructed in and to comply with the FMCSR as required by FMCSR § 392.1.

30. Pursuant to New Mexico law, Defendant ABF, its employees, agents and/or contractors owed the duty to exercise care for the safety of the person and the property of others.

31. At all material times, Defendant ABF was under a duty, along with its managers, supervisors, employees, agents and contractors, to ensure the safe operation of its motor carrier operations at all times.

32. Defendant ABF was the owner, operator and/or otherwise exercised control over the commercial motor vehicle being operated by Defendant Yerington on May 10, 2017.

33. It was unlawful for Defendant ABF, its managers, supervisors, employees, agents and/or contractors to permit Defendant Yerington's to unsafely operate commercial vehicles on highways, as set forth in NMSA §§ 66-8-120, 66-8-121, 65-2A-33, and FMCSR § 390.13.

34. Defendant ABF's, its managers', supervisors', employees', agents' and contractors' actions/inactions constitute negligence, and negligence *per se* (as a matter of law), in that there were statutes and regulations in force in New Mexico on May 10, 2017, including NMSA §§ 66-8-120, 66-8-121, 65-3-3(C), 65-2A-33

35. Defendant ABF's, its managers', supervisors', employees', agents' and contractors' failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries, death and damages complained for herein.

36. Defendants ABF and Yerington committed and/or aided and abetted one another in violating the above-referenced statutes and/or regulations, and are therefore jointly and severally liable for those violations, pursuant to NMSA §§ 66-8-120 and 65-3-3(C) and FMCSR § 390.13.

37. Defendant ABF also owed a duty to those members of the public, including Decedent and Plaintiffs, whom they might reasonably anticipate would be placed in a position of risk of injury as a result of negligently hiring, contracting, training, supervising, monitoring and/or retaining an unfit driver.

38. At all material times, Defendant ABF was under a duty to require observance by its drivers of all prescribed duties or imposed prohibitions, as set forth in FMCSR § 390.11.

39. Defendant ABF failed to supervise and/or monitor Defendant Yerington's operation of commercial motor vehicles, including but not limited to events where Defendant Yerington demonstrated poor judgment by operating the commercial vehicle in an unfit and unsafe manner upon highways, which was or should have been known by Defendant ABF.

40. The wrongful acts and or failure(s) to act by Defendant ABF, its managers, supervisors, employees, agents and/or contractors as set forth above, including the aggravating

circumstances attending the wrongful acts and/or failure(s) to act, were a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, death, funeral and burial expenses, loss of earnings, loss of life and enjoyment of life, and loss of household services, for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

41. The wrongful acts or failure(s) to act by Defendant ABF, its managers, supervisors, employees, agents and/or contractors as set forth above, including aggravating circumstances attended the wrongful acts and/or failure(s) to act, were a cause and/or contributing cause of Plaintiff Linda Parker's serious injuries and damages, including past and future pain and suffering; past and future mental anguish and distress; loss of her husband's past and future loss of earning capacity, loss of enjoyment of life; loss of her husband's household services; mitigating or aggravating circumstances mitigating or aggravating circumstances attending to Defendant ABF's negligence; and all other and future damages, for which Plaintiffs seek relief pursuant to New Mexico law.

42. Defendant ABF's conduct and/or that of its managers, supervisors, employees, agents and/or contractors shows an utter indifference to, or conscious disregard for, the safety of others, and a pattern and practice of such indifference, thereby justifying a direct and a vicarious award of punitive damages against this Defendant.

## COUNT III
## LOSS OF CONSORTIUM OF PLAINTIFF LINDA PARKER

43. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further allege that:

44.     Plaintiff Linda Parker enjoyed a very special marital, familial, loving, care-giving and intimate relationship with her husband, Robert Parker.

45.     Plaintiff Linda Parker suffered and will continue to suffer from the emotional distress caused by the loss of society, companionship and sexual relations she enjoyed with her husband Robert, which was wrongfully taken from her as a result of his tragic death.

46.     Defendants' negligence, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiff Linda Parker's loss of consortium damages, and Plaintiff Linda Parker is entitled to a recovery against each of the Defendants for those damages in an amount to be awarded by the jury herein.

**WHEREFORE** Plaintiffs request monetary damages against Defendants, and each of them, in amounts to be awarded by the jury to be just and reasonable, for punitive damages, for pre- and post-judgment interest, for costs, and for all other appropriate relief.

Respectfully submitted:

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/David M. Houliston*
David M. Houliston, Esq.
*Attorney for Plaintiffs*
500 Tijeras Avenue NW
Albuquerque, NM 87102
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com