IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as Personal Representative
of the Estate of ROBERT PARKER, Deceased,
LINDA PARKER, and JERALD JONES,

    Plaintiffs,

and

JERALD JONES,

    Plaintiff-in-Intervention

v.                                                                                                  1:17-cv-01187-LF-SCY

ABF FREIGHT SYSTEM, INC., a Foreign Profit
Corporation doing business in New Mexico, and
TIMOTHY YERINGTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

THIS MATTER comes before the Court on defendants ABF Freight System, Inc. (ABF) and Timothy Yerington's Motion for Partial Judgment on the Pleadings Against Plaintiffs for Failure to State a Claim (Doc. 76), filed June 17, 2019. Plaintiffs did not respond to the motion. For the following reasons, the Court GRANTS the defendants' motion.

### I.     Relevant Facts

In ruling on a motion for judgment on the pleadings under Rule 12(c), the Court must accept as true all facts alleged in the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("We use the same standard when evaluating 12(b)(6) and 12(c) motions."). It also must view these factual allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555.

Viewing the facts alleged in the complaint in this manner, the complaint establishes the following:

On May 10, 2017, at about 1:41 pm, defendant Timothy Yerington, a professional truck driver, was driving a commercial semi-tractor trailer truck eastbound on I-40 in the right lane of traffic near mile marker 94.8. Doc. 1-1 ¶¶ 7−9. Mr. Yerington was operating a semi-truck owned by defendant ABF. *Id.* ¶¶ 7, 8. Robert W. Parker, then age 81, was riding in the front passenger seat of his own Ford F-350 truck, which was pulling a horse trailer that contained seven race horses. *Id.* ¶¶ 1, 10. Jerald Jones was driving Mr. Parker's truck, and Luis Alvarado was riding in the rear passenger seat. *Id.* ¶ 10. Mr. Parker's truck was traveling eastbound in the left lane of I-40. *Id.* ¶ 10.

According to the complaint, Mr. Yerington negligently pulled his semi-truck into the eastbound left lane in front of Mr. Parker's truck. *Id.* ¶ 11. Mr. Jones slowed down in an attempt to avoid hitting the rear of Mr. Yerington's truck. *Id.* ¶ 12. The vehicles collided and continued forward side by side towards the guard rail on the left shoulder of the eastbound lane. *Id.* ¶ 13. Defendants' semi-truck wrapped around the front end of Mr. Parker's truck, pinning Mr. Parker's truck up against the guard rail and causing severe damage to the right side of Mr. Parker's vehicle. *Id.* ¶ 14.

Mr. Parker sustained severe bodily injuries as a result of the crash, which caused his death. *Id.* ¶ 15. A medical investigator pronounced Mr. Parker dead at the crash scene. *Id.* Plaintiff D. Maria Schmidt is the Wrongful Death Personal Representative of Mr. Parker's estate. *Id.* ¶ 2. Plaintiff Linda Parker is Mr. Parker's widow. *Id.* ¶ 3.[1]

---

[1] Plaintiff-in-Intervention Jerald Jones voluntarily dismissed his claims on December 19, 2018. Doc. 67.

## II. The Complaint

Count I of the complaint alleges negligence and negligence per se against defendant Yerington and is not the subject of this motion. Count II alleges negligence, negligence per se, and joint and several liability against defendant ABF. Count II includes allegations of negligent supervising and monitoring, aiding and abetting, and statutory violations. *See* Doc. 1-1 ¶¶ 33−39. Count III alleges loss of consortium on behalf of Linda Parker, which also is not the subject of this motion.

## III. Discussion

ABF argues that plaintiffs' allegations against it for negligent supervising and monitoring, aiding and abetting, and for statutory violations are not supported by any factual allegations in the complaint and instead rely solely on vague, conclusory allegations. *See* Doc. 76 at 6−8. The plaintiffs, having failed to respond to ABF's motion, have consented to the Court granting the motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court nonetheless will discuss the merits of ABF's motion and grant it on the merits.

### A. Motions to Dismiss Generally[2]

"To withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court must accept as true all of the allegations contained in a

---

[2] Because the same standards apply to motions to dismiss under FED. R. CIV. P. 12(b)(6) and motions for judgment on the pleadings under FED. R. CIV. P. 12(c), *Jacobsen*, 287 F.3d at 941 n.2, the Court will refer to both types of motions interchangeably.

complaint,'" this rule does not apply to legal conclusions. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id*. (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id*. (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). But a court may consider "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice." *Id*. (internal quotation marks omitted) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). In determining whether to grant the motion, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**B. Negligent Hiring and Monitoring Claim**

In support of their negligent hiring and monitoring claim, plaintiffs allege that ABF "owed a duty to those members of the public, including Decedent and Plaintiffs, whom they might reasonably anticipate would be placed in a position of risk of injury as a result of negligently hiring, contracting, training, supervising, monitoring, and/or retaining an unfit

driver." Doc. 1-1 ¶ 37. Plaintiffs further allege that ABF had the duty to require all its drivers to observe "all prescribed duties or imposed prohibitions, as set forth in FMCSR[3] § 390.11." *Id.* ¶ 38. And finally, plaintiffs allege that ABF "failed to supervise and/or monitor Defendant Yerington's operation of commercial motor vehicles, including but not limited to events where Defendant Yerington demonstrated poor judgment by operating the commercial vehicle in an unfit and unsafe manner upon highways, which was or should have been known by Defendant ABF." *Id.* ¶ 39. Other than these conclusory allegations, the complaint alleges no specific facts as to how ABF purportedly engaged in deficient hiring, supervision or monitoring, or how ABF's alleged failures caused the accident on May 10, 2017.

A plaintiff must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Although plaintiffs need not specify precisely how a defendant's conduct was deficient, plaintiffs' threadbare conclusions here do not reasonably give rise to a plausible inference that ABF failed to properly hire, supervise, or train Mr. Yerington. There are no allegations as to how Mr. Yerington was an unfit driver or employee, or that ABF had any reason to know of Mr. Yerington's shortcomings. In other words, the Court is unable to draw a reasonable inference that ABF is liable for negligently hiring, supervising, training, or retaining Mr. Yerington. Plaintiffs' unsubstantiated allegations fail to state a claim that is plausible on its face. *See, e.g., Heard v. Loughney*, No. CIV 16-487 JP/SCY, 2016 WL 10179246, at *5 (D.N.M. July 14, 2016) (concluding that a similar unsupported negligent hiring and supervision claim could not withstand dismissal); *Baker v. Thomson*, No. 11-CV-02219-LTB-CBS, 2011 WL 5221273, at *2 (D. Colo. Nov. 2, 2011) (same).

---

[3] "FMCSR" is the Federal Motor Carrier Safety Regulations.

### C. Negligence Per Se and Aiding and Abetting

To state a claim of negligence per se against ABF, plaintiffs must allege four elements: 1) a statute that prescribes certain actions or that defines a standard of conduct; 2) a violation of the statute; 3) a statute that protects a class of persons, including plaintiffs; and 4) some harm or injury to the plaintiffs that must generally be of the type the legislature, through the statute, sought to prevent. *Archibeque v. Homrich*, 1975-NMSC-066, ¶ 15, 88 N.M. 527, 532, 543 P.2d 820, 825. To state a claim for aiding and abetting tortious conduct against ABF, plaintiffs must allege that ABF knew that Mr. Yerington's conduct constituted a breach of duty, and that ABF gave substantial assistance or encouragement to Mr. Yerington to conduct himself in a way that breached that duty. *See GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 15, 124 N.M. 186, 190−91, 947 P.2d 143, 147−48.

Plaintiffs do not explain how ABF violated any of the identified regulations or statutes. Doc. 1-1 ¶ 35. Rather, plaintiffs allege only that "ABF's . . . failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries, death and damages complained for herein." *Id.* Further, plaintiffs do not describe how any of the possible violations caused the injuries and Mr. Parker's death. Plaintiffs still must prove causation in a negligence per se action. *See Archibeque*, 1975-NMSC-066, ¶ 17, 88 N.M. at 532, 543 P.2d at 825 ("Once negligence per se is found, the fact finders would still have to determine whether the negligence per se was the actual and proximate cause of the accident."); *Fitzgerald v. Valdez*, 1967-NMSC-088, ¶ 19, 77 N.M. 769, 774, 427 P.2d 655, 658 ("The question of causation exists when the negligence is negligence per se."). The complaint contains no specific allegations as to how a violation of any of the listed statutes contributed to Mr. Parker's death or any other injuries.

With respect to aiding and abetting, the complaint merely states that "ABF and Yerington committed and/or aided and abetted one another in violating the above-referenced statutes and/or regulations, and are therefore jointly and severally liable for those violations, pursuant to NMSA §§ 66-8-120 and 65-3-3(c) and FMCSR § 390.13." Doc. 1-1 ¶ 36. This allegation merely builds on the prior vague and conclusory allegations regarding per se negligence and is insufficient to state a plausible claim for aiding and abetting tortious conduct. Plaintiffs have failed to state a claim against ABF for negligence per se or aiding and abetting tortious conduct.

**IV.   Conclusion**

For the foregoing reasons, the Court GRANTS the Defendants ABF Freight System, Inc. and Timothy Yerington's Motion for Partial Judgment on the Pleadings Against Plaintiffs for Failure to State a Claim (Doc. 76). Specifically, plaintiffs' claims against ABF for negligent supervising or monitoring, aiding and abetting, and statutory violations (negligence per se) as stated in Count II of the complaint (¶¶ 33−39) are DISMISSED without prejudice.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge