IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as Personal Representative
of the Estate of ROBERT PARKER, Deceased,
LINDA PARKER, and JERALD JONES,

    Plaintiffs,

and

JERALD JONES,

    Plaintiff-in-Intervention

v.                                                                                     1:17-cv-01187-LF-SCY

ABF FREIGHT SYSTEM, INC., a Foreign Profit
Corporation doing business in New Mexico, and
TIMOTHY YERINGTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER comes before the Court on defendants ABF Freight System, Inc. (ABF) and Timothy Yerington's Motion for Partial Summary Judgment Regarding Plaintiffs' Claim for Punitive Damages (Doc. 77), filed June 17, 2019. Plaintiffs did not respond to the motion. For the following reasons, the Court GRANTS the defendants' motion.

**I.**     **Preliminary Statement**

Ordinarily, the plaintiffs' failure to respond to ABF's motion constitutes consent to the Court granting the motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Tenth Circuit has held, however, that the Court may not grant summary judgment merely because a party has failed to file a response. *Reed v. Bennett*, 312 F.3d 1190,

1194 (10th Cir. 2002). The party moving for summary judgment first "must meet its initial responsibility of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law." *Id.* (internal quotation marks omitted). Only then does the burden shift to the nonmoving party to demonstrate that a genuine issue of fact exists that would preclude summary judgment. *Id.*; *see also* FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). In other words, if the evidence produced in support of a motion for summary judgment does not meet the Rule 56(a) standard, "summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970) (quoting FED. R. CIV .P. 56 advisory committee notes to the 1963 amendments) (emphasis added). "If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Reed*, 312 F.3d at 1194−95.

## II.  Statement of Facts[1]

This case arises out of a motor vehicle accident that occurred on May 10, 2017, at about 1:41 pm. *See* Doc. 1-1 ¶¶ 8−15. Defendant Timothy Yerington, a professional truck driver, was driving a commercial semi-tractor trailer truck eastbound on I-40 in the right lane of traffic near mile marker 94.8, just outside of Grants, New Mexico. *Id.* ¶¶ 7−9; *see also* Doc. 77-6 at 5 (Charley Depo. 66:19−25) (referring to area where accident occurred as near Grants). Mr.

---

[1] The Court cites to the supporting evidence for each factual statement to ensure that the Rule 56(a) standard is met.

2

Yerington was operating a semi-truck owned by defendant ABF. Doc. 1-1 ¶¶ 7, 8; Doc. 4 ¶ 7; Doc. 5 ¶ 7. Mr. Yerington[2] had been employed as a truck driver for nearly 40 years and had worked for ABF for more than 30 years. Doc. 77-3 at 2−3 (Yerington Depo. 7:5−10:7). Robert W. Parker, then age 81, was riding in the front passenger seat of his own Ford F-350 truck. Doc. 1-1 ¶¶ 1, 10. Jerald Jones was driving Mr. Parker's truck. *Id.* ¶ 10. Mr. Parker's truck was traveling eastbound in the left lane of I-40. *Id.* ¶ 10; Doc. 77-1 (Jones Depo. 44:8−10, 20−23).

Mr. Jones was traveling at approximately 65 miles pers hour. Doc. 77-1 at 2 (Jones Depo. 43:10−18); Doc. 77-2 at 3 (Hayes Depo. 18:13−17). Mr. Yerington was going slow, somewhere between five to 20 miles per hour, because of the traffic conditions. Doc. 77-2 at 3 (Hayes Depo. 18:17−19); Doc. 77-3 at 5 (Yerington Depo. 68:2−7). The posted speed limit was 55 miles per hour because of road construction. Doc. 77-4 at 3 (Vandever Depo. 27:3−6). The road was wet from either hail or rain. *Id.* at 2 (Vandever Depo. 19:23−24); Doc. 77-5 at 2 (Maria Depo. 10:10−11); Doc. 77-6 at 5 (Charley Depo. 66:19−25). At the time of the accident, traffic was moving very slowly because of the construction. Doc. 77-3 at 4−5 (Yerington Depo. 62:8−15, 63:4−8, 63:22−25, 68:2−7); *see also* Doc. 77-5 at 2 (Maria Depo. 10:11−14) (indicating accident occurred in construction zone).

At about 1:41 pm on May 10, 2017, the right side of Mr. Parker's truck (driven by Mr. Jones) came into contact with the left side of the semi-truck Mr. Yerington was driving. Doc. 1-1 ¶¶ 13−14; Doc. 77-6 at 6 (Charley Depo. 59:9−60:9). Following impact, the two vehicles veered to the left together, and Mr. Parker's vehicle was pinned against the left guard rail of I-40. Doc. 1-1 ¶¶ 13−14; Doc. 77-2 at 2−3 (Hayes Depo. 14:9−10, 18:13−19); Doc. 77-6 at 3 (Charley

---

[2] Defendants' motion sometimes mistakenly refers to Mr. Yerington as "Defendant Anderson." Doc. 77 at 3−4, ¶¶ 8, 13, 16.

3

Depo. 31:12−15). Mr. Yerington was not cited for a traffic violation in relation to the accident. *See* Doc. 77-7 at 5, 6. There is no evidence that Mr. Yerington was driving erratically, or that he intentionally or recklessly caused the accident. Doc. 77-6 at 4 (Charley Depo. 56:15−23, 57:14−16); *see also* Doc. 77-1 at 2 (Jones Depo. 44:6−7) (indicating that Mr. Jones had no recollection of the accident); Doc. 77-3 at 4−5 (Yerington Depo. 62:8−68:7) (describing Mr. Yerington's recollection of the accident). There also is no evidence to suggest that Mr. Yerington was consciously aware of his actions and that his actions could cause the vehicles to collide. *See id.* There likewise is no evidence to suggest that ABF acted maliciously, wantonly, or recklessly in hiring or supervising Mr. Yerington. *See* Doc. 96 at 4−5 (dismissing claims against ABF for negligent hiring and supervising for failure to allege any specific facts related to ABF's hiring and supervising of Mr. Yerington).

### III. Discussion

#### A. Legal Standard for Summary Judgment

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant bears the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "[T]he movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kannady v.*

4

*City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. The non-moving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the non-movant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

At the summary judgment stage, the Court must view the facts and draw all reasonable inferences in the light most favorable to the non-movant. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court's function "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* Summary judgment may be granted where "the evidence is merely colorable, or is not significantly probative." *Id.* at 249–50 (internal citations omitted).

### B. The Defendants' Motion for Partial Summary Judgment

In their motion, defendants seek to dismiss plaintiffs' claim for punitive damages. *See* Doc. 77. As defendants correctly point out, under New Mexico law, a claim for punitive damages may only be recovered from a defendant whose conduct is "willful, wanton, malicious, reckless oppressive, or fraudulent." *Torres v. El Paso Elec. Co.*, 1999-NMSC-029, ¶ 27, 127

5

N.M. 729, 740, 987 P.2d 386, 397, *overruled in part on other grounds by Herrera v. Quality Pontiac*, 2003-NMSC-018, 134 N.M. 43, 73 P.3d 181.  If there is no evidence of a culpable mental state or other form of overreaching, malicious or wanton conduct, punitive damages are not recoverable.  *See Bourgeous v. Horizon Healthcare Corp.*, 1994-NMSC-038, ¶¶ 12−14, 117 N.M. 434, 437−38, 872 P.2d 852, 855−56 (upholding directed verdict against plaintiff on punitive damages claim where there was no evidence of malicious, willful, or wanton conduct).

Here, the defendants have met their initial responsibility of demonstrating that there is no evidence that either Mr. Yerington or ABF engaged in any willful, wanton, malicious, reckless, oppressive, or fraudulent conduct.  *See Reed*, 312 F.3d at 1194 (burden for satisfying standard for summary judgment).  Thus, the burden has shifted to plaintiffs to show a genuine issue as to material fact as to whether they are entitled to punitive damages.  *See id.*  They have not done so.  The Court therefore will grant defendants' motion for partial summary judgment.

IV. **Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Claim for Punitive Damages (Doc. 77).  Summary judgment is granted in favor of Defendants ABF Freight System, Inc. and Timothy Yerington on plaintiffs' claim for punitive damages; plaintiffs' claim for punitive damages is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge